UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAKSHMI GOGATE,

    Plaintiff,

v.                                Case No: 2:13-cv-690-FtM-29CM

BOARD OF TRUSTEES OF THE
FLORIDA GULF COAST
UNIVERSITY,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Partially Dispositive Motion to Dismiss Plaintiff's Second Amended Complaint [DE 30] (Doc. #38) filed on June 5, 2014. Plaintiff filed an Opposition, or in the Alternative, for Leave to Amend in Part (Doc. #41), and defendant filed a Response in Opposition to Plaintiff's Motion for Leave to Amend Second Amended Complaint (Doc. #42). Also before the Court are plaintiff's Motion to File Third Amended Complaint (Doc. #56) and defendant's Motion to Strike Notice of Scrivener's Error; and Motion for Sanctions (Doc. #59).

**I.**

On September 26, 2013, plaintiff initiated a Complaint (Doc. #1) captioned against defendant the Board of Trustees of Florida Gulf Coast University (the Board of FGCU) as the defendant, and naming the Board of FGCU and Florida Gulf Coast University (FGCU)

under the heading "Parties." (Doc. #1, ¶¶ 12-13.) Individual employees of FGCU were introduced under "Facts", and named in the captions for Counts III through X, but were not otherwise identified as defendants. On December 20, 2013, before service of process on the Board of FGCU, plaintiff filed a First Amended Complaint (Doc. #8) similarly identifying parties. After service of process on the Board of FGCU, and an appearance by way of a *Partially Dispositive* Motion to Dismiss (Doc. #19), the Court granted plaintiff's alternative request to amend and directed the filing of a Second Amended Complaint. There is no indication on the docket that any other party was served with process.

On May 6, 2014, plaintiff filed a Second Amended Complaint (Doc. #30) naming the Board of FGCU as a defendant, and again describing individual employees at FGCU under "Facts". This pleading also asserts counts specific to eight individuals in Counts III through X, including Ronald B. Toll, PhD, Provost and Vice President for Academic Affairs. In response, the Board of FGCU filed the currently pending *Partially Dispositive* Motion to Dismiss Plaintiff's Second Amended Complaint [DE 30] (Doc. #38). In response, plaintiff once again included an alternative request for leave to amend, arguing that the parties had reached an agreement with regard to the punitive damages allegation, and stating that the jurisdictional allegations from the initial Complaint were missing from the Second Amended Complaint due to an

2

editing error.  On July 31, 2014, the Court denied the alternative motion contained in plaintiff's Opposition, without prejudice to filing a separate motion.  (Doc. #43.)

On December 5, 2014, plaintiff filed her Motion to File Third Amended Complaint (Doc. #56) and a proposed Third Amended Complaint (Doc. #57).  On December 10, 2014, plaintiff filed a Notice of Scrivener's Error (Doc. #58) indicating that the incorrect version of the proposed Third Amended Complaint had been filed.  Defendant filed a Response in Opposition; Motion to Strike Notice of Scrivener's Error; and Motion for Sanctions (Doc. #59).  Plaintiff filed an Opposition (Doc. #60), and on December 23, 2014, defendant withdrew the Motion to Strike.  (Doc. #61.)

Although plaintiff delayed proceedings due to repeated mistaken filings[1], the Court does not find that it was due to bad faith and declines to impose sanctions.

## II.

As to the request to amend the Second Amended Complaint, the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave is within the discretion of the Court

---

[1] Plaintiff's first motion to amend was denied for failure to comply with M.D. Fla. R. 3.01(g).  (Doc. #45.)  The second motion to amend was denied as moot based on the filing of a third motion to amend, and the third motion was denied for failure to confer with defendant in good faith to resolve disputed issues.  (Docs. ## 51, 53.)  The pending motion to amend is the fourth attempt to file the same motion for relief.

but may be denied for the stated reasons of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court has considered the motion to dismiss based on the allegations in the Second Amended Complaint as well as the allegations in the Third Amended Complaint, and finds that plaintiff should be permitted to amend.  However, the Court finds that the Third Amended Complaint still remains deficient.

In Count I of the Third Amended Complaint, plaintiff alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended; in Count II plaintiff alleges retaliation for reporting same and for reporting mismanagement of federal funds; in Count IV plaintiff alleges a violation of Florida's Whistle-Blower's Act for reporting the mismanagement of federal funds; and in Count V plaintiff alleges defamation.  In Count III, plaintiff alleges a violation of 42 U.S.C. § 1983 against "FGCU by and through Ronald B. Toll, PhD" in his individual capacity, "individually in his official capacity".[2]

---

[2] In the Third Amended Complaint, plaintiff drops most of the Section 1983 counts that named individuals who were not defendants, and now presents only one civil rights claim, in Count III, as to Ronald B. Toll, Provost and Vice President for Academic Affairs at

4

Defendant opposes a further amendment because the proposed Third Amended Complaint, as corrected, seeks to add a party after the deadline to add parties, and fails to cure previously existing defects.  Defendant further argues that the amendment would be futile, and an additional undue delay is a waste of client and judicial resources.  Plaintiff argues that Toll was added while 7 other individuals were dropped as an act of compromise and based on defendant's arguments in the pending Motion to Dismiss that Toll was the only individual that took any action leading to a deprivation of rights.

Some of the arguments by the Board of FGCU in the Motion to Dismiss are mooted by the Third Amended Complaint.  Plaintiff withdrew the request for punitive damages, and added a jurisdictional basis that was absent in the Second Amended Complaint due to an editing error.  Plaintiff also eliminated all the individuals referenced in Counts IV through X of the Second Amended Complaint, but left Dr. Toll in Count III.  In the Third Amended Complaint, plaintiff added Ronald B. Toll, PhD as a defendant in the caption[3], and expanded the allegations in Count

---

Florida Gulf Coast University (Toll) who has been added as a defendant.

[3] Federal Rule of Civil Procedure 10(a) explicitly provides that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).

5

III. The Court will grant leave to amend, but finds that the Third Amended Complaint remains deficient.

In Count III, plaintiff alleges that Toll, "individually in his official capacity", violated her due process or free speech rights by declining to accept her various complaints regarding Morgante. (Doc. #58-2, ¶ 124.) Plaintiff alleges that her speech involved matters of public concern, and Toll violated her rights "individually, while acting under color of state law, whose decisions represent official policy, and under a governmental custom or policy, whether or not approved". (Id., ¶ 129.) Plaintiff goes on to detail the "due process or free speech rights" violated by Toll individually. (Id., ¶¶ 130-143, 145-146.)[4]

Section 1983 claims against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Where the entity may be sued, there is no need to allow an official-capacity action. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). An individual-capacity Section 1983 claim "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." Graham, 473 U.S. at 165. To prevail on an

---

[4] Paragraph 144 refers to Ms. Kaptur's actions taken in her official capacity, and it is unclear how it relates to Toll's actions.

6

individual-capacity claim, a plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right. Id. at 166.

In this case, it is unclear whether plaintiff is seeking relief against Toll in his individual capacity or in his official capacity. Plaintiff alleges that Toll individually took actions under color of state law, however plaintiff also alleges a custom or policy, in which case the proper defendant may be the Board of FGCU or FGCU. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (A local government may be held liable under Section 1983, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."). The Court finds that Count III does not state a claim as currently pled, however, plaintiff will be permitted to final Fourth Amended Complaint. In doing so, plaintiff must list all defendants in the caption of the operative pleading.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to File Third Amended Complaint (Doc. #56) is **GRANTED** to the extent it was reviewed.

2. Defendant's Partially Dispositive Motion to Dismiss Plaintiff's Second Amended Complaint [DE 30] (Doc. #38) is **GRANTED IN PART AND DENIED IN PART** as set forth above, and

the Second Amended Complaint and Third Amended Complaint are **dismissed** without prejudice to filing a Fourth <u>and final</u> Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. No further amendments will be permitted.

3. Defendant's Motion to Strike Notice of Scrivener's Error (Doc. #59) is deemed **WITHDRAWN** and defendant's Motion for Sanctions (Doc. #59) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of March, 2015.

                                                                            __/s/ John E. Steele__
                                                                            JOHN E. STEELE
                                                                            UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record