UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAKSHMI GOGATE,

      Plaintiff,

v.                                                Case No:   2:13-cv-690-FtM-29CM

BOARD OF TRUSTEES OF THE
FLORIDA GULF COAST
UNIVERSITY and RONALD B.
TOLL, PHD,

      Defendants.

_____

ORDER

Before the Court are Defendant's Motion to Strike Plaintiff's Amended Initial Disclosures ("Motion") (Doc. 67), filed on April 10, 2015; Plaintiff's Opposition to Defendant's Motion to Strike Amended Initial Disclosures ("Response") (Doc. 69), filed on April 22, 2015; Defendant, Board of Trustees of the Florida Gulf Coast University's Reply to Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Amended Initial Disclosures ("Reply") (Doc. 75), filed on May 1, 2015; and Plaintiff's Surreply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Amended Initial Disclosures ("Surreply") (Doc. 81), filed on May 8, 2015.[1]   Upon review of the parties' filings, the Motion is denied.

---

[1] There is some question as to whether Defendant's Motion now is moot. Defendant's assertion of prejudice is based, at least in part, on Plaintiff's failure to provide information about the newly disclosed witnesses' anticipated testimony. Doc. 67 at 6. Plaintiff provided another amended disclosure on April 10, 2015 with additional information about each newly disclosed witness after the Motion was filed. *See* Doc. 69 at 3; Doc. 75 at 3. Nevertheless, the Court will address the Motion.

Defendant, Board of Trustees of the Florida Gulf Coast University ("FGCU") (hereinafter, "Defendant") requests that the Court strike Plaintiff's Amended Initial disclosures, which were served upon Defendant on April 1, 2015. Doc. 67 at 2. Defendant contends that the amended disclosures added fifteen (15) new witnesses, without providing information on the nature of their knowledge or anticipated testimony. *Id.* Defendant states that the newly disclosed individuals are people who were known to Plaintiff "for years" due to her employment with FGCU, and thus were known at the time her initial disclosures were due. *Id.* at 6. Defendant further asserts that it has been and will be prejudiced by the addition of so many new witnesses at the end of discovery.[2] Doc. 67 at 6. The discovery deadline was April 27, 2015. Doc. 65. Thus, twenty six (26) days elapsed between Plaintiff's amended disclosures and the close of discovery.

Rule 26 requires that parties provide the names of individuals likely to have discoverable information that may be used to support their claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 further states:

> A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . .

Fed. R. Civ. P. 26(a)(1)(E). Rule 26(e) requires a party to supplement its Rule 26(a) disclosures in a timely manner if additional information renders prior disclosures

---

[2] Defendant also acknowledges that four of the newly disclosed individuals, Elisa Salomoni, Carmela Carpenzano, Jacqueline Thorsen and Scott Michaels, are referenced in Plaintiff's Fourth Amended Complaint, filed on March 27, 2015, and a fifth, Doug Couveron, was referenced in Plaintiff's deposition. Doc. 67 at 4-5.

materially incorrect or incomplete. Fed. R. Civ. P. 26(e)(1)(A). Here, Plaintiff asserts that the newly disclosed witnesses will be used solely for rebuttal, as needed. Doc. 69 at 2; Doc. 81 at 2-3. Defendant acknowledges that Plaintiff stated she intends to use these witnesses solely for rebuttal. Doc. 75 at 3.

Defendant correctly states that Rule 26(a) does not require the disclosure of witnesses who will be used only for impeachment. Doc. 67 at 3. As Plaintiff asserts, however, rebuttal may, and often does, encompass more than impeachment. Doc. 81 at 2. Moreover, the Middle District of Florida Discovery Handbook explains that, while Rule 26(e) "expressly provides that in many instances a party is under a duty to supplement or correct prior disclosures . . . [f]airness and professionalism suggest a broader range of circumstances requiring supplementation." Middle District Discovery (2001) at 2. The Court will accept Plaintiff's counsel's representations, as an officer of the Court, that the witnesses are intended for use solely as rebuttal witnesses. Plaintiff's supplemental disclosure of rebuttal witnesses therefore comports with the ideals of "[f]airness and professionalism" for conducting discovery in the Middle District of Florida by supplementing with information beyond that required by the Federal Rules of Civil Procedure.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Strike Plaintiff's Amended Initial Disclosures (Doc. 67) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record